# EXHIBIT C

## CRST EXPEDITED, INC.
## PRE-EMPLOYMENT DRIVER TRAINING AGREEMENT

Student (as defined below) has been admitted to the Driver Training Program ("DTP") sponsored by CRST Expedited, Inc., an Iowa corporation located at 3930 16th Avenue S.W., Cedar Rapids, Iowa 52404 ("CRST"). This Agreement governs the terms and conditions of the DTP until CRST and Student mutually execute the Driver Employment Contract (as defined below), at which time the terms and conditions of the Driver Employment Contract will govern the DTP. In consideration of the mutual promises and covenants contained in this Agreement, Student and CRST agree as follows:

1. **Student.** For purposes of this Agreement, "Student" means the person who is signing this Agreement and whose name, address, telephone number and Social Security Number are as follows:

   Student's Name _Jean Cados anastase_
   Student's Address   Street and Number _____
   City, State, Zip Code _Jamaica plain MA_

   Student's Phone
   Student's SSN

2. **DTP Phases.** The DTP consists of the following four (4) phases: "Phase 1" consists of driver training at the Educational Facility; "Phase 2" is CRST's orientation program held at a site selected by CRST; "Phase 3" is CRST's finishing school consisting of hands on over-the-road driver training with a CRST lead driver; and "Phase 4" is CRST's professional development program, which consists of specialized class room training and a mentoring program conducted by CRST's operations transition team. Phase 3 and Phase 4 will be conducted only if Student and CRST sign the Driver Employment Contract.

3. **Educational Facility.** For purposes of this Agreement "Educational Facility" means the following independent contractor educational institution which is a separate, non CRST affiliated education facility, where Student shall participate in Phase 1:

   Name: Coast to Coast
   Address: 6280 King Rd
   Marine City, MI 48039
   Phone: (586) 201-7071

4. **Driver Employment Contract.** For purposes of this Agreement, "Driver Employment Contract" means the written employment contract (separate and distinct from this Agreement) pursuant to which CRST employs Student as an over-the-road truck driver. Student understands that after Student's successful completion of Phase 1 and Phase 2, CRST has the option, at its sole discretion, to execute with Student the Driver Employment Contract and employ Student as an over-the-road truck driver according to the terms of the Driver Employment Contract. *Nonexclusive* preconditions for Student's employment with CRST as an over-the-road truck driver include (but are not limited to) the following: (a) Student and CRST mutually executing the Driver Employment Contract; (b) Student successfully completing Phase 1 and Phase 2; and (c) Student fully complying with all DOT requirements and all CRST requirements for employment as an over-the-road truck driver. Under no circumstances shall any term of this Agreement be interpreted as guaranteeing Student the right to employment with CRST. Additionally, Student's and CRST's execution of the Driver Employment Contract is a precondition for Student participating in Phase 3.

5. **Not a Contract for Employment.** Student and CRST acknowledge and agree that this Agreement is not and shall under no circumstances be construed to be a contract for the employment of Student. Unless and until CRST, at its sole discretion, and Student mutually execute the Driver Employment Contract, Student shall not be considered to be an employee of CRST. Further, Student shall not have by reason of Student being a party to this Agreement any rights as an employee of CRST or be entitled to any employee benefits available to CRST employees. Student agrees that Student will not be paid any compensation until such time as CRST and Student execute the Driver Employment Contract.

6. **DTP Prerequisites.** Student agrees that all of the following are preconditions for Student's participation in Phase 1 which Student must satisfy at Student's sole expense; Student shall be dismissed from the DTP upon failure to satisfy any of the conditions:

   a. By the beginning of Phase 1, Student must complete a CRST Company Driver Application;

b. By the beginning of Phase 1, Student must provide to CRST certification by a physician approved by CRST that Student has passed the United States Department of Transportation ("DOT") physical exam and a drug screen;

c. By the beginning of Phase 1, Student must pay a nonrefundable processing fee of $50.00 for administrative costs of processing Student's enrollment; and

d. By the end of the first week of Phase 1, Student must obtain a Class A Commercial Driver's License ("CDL") learner's permit.

7. **Transportation Cost.** As used in this Agreement, "Transportation Cost" means for Phase 1 the cost incurred to transport Student via transportation arranged and authorized by CRST from Student's home to the Educational Facility, and for Phase 2 the cost incurred to transport Student via transportation arranged and authorized by CRST from the Educational Facility to the site where the orientation program takes place.

8. **Lodging Cost.** For purposes of this Agreement: "Lodging Cost" means the hotel/motel rate charged for Student to stay at Driver Training Lodging during Phase 1 or Phase 2. "Driver Training Lodging" means lodging on a multiple person occupancy per room basis available to DTP students at a hotel or motel selected by CRST per an arrangement with the hotel/motel providing for reduced rates. CRST shall have no obligation to pay any costs or expense incurred by Student to stay or reside at any location other than the Driver Training Lodging during the course of Student's participation in the DTP.

9. **Phase 1 Expenses.** If Student satisfies the preconditions contained in section 6, CRST will pay on behalf of Student, subject to Student's repayment obligations set forth in section 11, the following expenses incurred by Student while attending Phase 1: (a) the tuition charged by Educational Facility for Student to attend Phase 1, (b) Student's Lodging Cost, (c) Student's Transportation Cost; and (d) Student's DOT physical and drug screen. Notwithstanding the forgoing, if Student does not complete Phase 1 for any reason whatsoever, then CRST shall not be obligated to Student to pay any of the tuition charged by the Educational Facility, but Student nonetheless must repay to CRST any amount of the tuition that CRST does pay on Student's behalf.

10. **Phase 2 Expenses.** If Student successfully completes Phase 1, CRST will advance on behalf of Student the Lodging Cost and Transportation Cost incurred by Student while attending Phase 2.

11. **Repayment of CRST Advances.**

a. Student acknowledges that the amounts advanced by CRST on behalf of Student pursuant to sections 9 and 10 of this Agreement will equal or exceed the sum of $2,000.

b. If Student is dismissed or withdraws from the DTP prior to commencing Phase 3, then Student will owe and must pay to CRST the entire amount of CRST's advances under sections 9 and 10. The amount owed by Student to CRST under this section 11.b will be immediately due and payable upon Student's dismissal or withdrawal from the DTP and will accrue interest from such date at a rate equal to the lesser of 1.5% per month or the maximum rate permitted by applicable federal and state usury laws.

c. Student acknowledges and understands that the terms of the CRST Driver Employment Contract that Student will be required to execute in order to be employed by CRST include, among others, the following:

(1) Following Student's completion of Phase 3 and the first week of Phase 4, and when Student is qualified as a company driver (*i.e.*, in the driver's sixth week of employment) CRST shall begin to deduct from Student's weekly pay the amount of CRST's advances for Phase 1 expenses (pursuant to section 9 above), up to a maximum amount of Forty Dollars ($40.00) per week, until the entire sum advanced by CRST for the payment of such expense items are paid in full.

(2) If during the initial eight (8) month term of Student's employment either (a) Student breaches the Driver Employment Contract, or (b) Student's employment is terminated for due cause, then Student will owe and immediately must pay to CRST the following sum: (i) $3,950, plus (ii) the amounts advanced by CRST on behalf of Student (pursuant to section 9) for Student's DOT physical and drug screen expenses, Lodging Cost and Transportation Cost incurred during Phase 1 that Student has not yet repaid via deductions from weekly pay pursuant to this section 11.c(1), plus (iii) interest commencing as of the first day of employment under the Driver Employment Contract at a rate equal to the lesser of 1.5% per month or the maximum rate permitted by applicable federal and state usury laws.

12. **Release of Liability.** Student understands that truck driving can be dangerous, and Student accepts all risks inherent in participating in Phase 1 and Phase 2. Student agrees to be responsible for all of Student's medical, incidental or consequential liabilities and expenses that may be incurred as a result of Student's participation in Phase 1 and Phase 2. Student acknowledges and agrees that Student has no right to worker's compensation, health care, or disability benefits from CRST until such time as CRST and Student both execute the Driver Employment Contract. Until such time as Student executes the Driver Employment Contract, Student hereby releases CRST from any and all liability to Student for any injury, loss, claim or other damage Student may sustain except for injuries and losses directly caused by the gross negligence of CRST.

13. **Dismissal or Withdrawal from DTP.** Student may withdraw from the DTP any time at Student's discretion. Student also acknowledges that the Educational Facility reserves the right to dismiss Student for any of the following reasons:

    a. Any statement in Student's application which proves to be untrue or misleading.

    b. The Educational Facility decides, in its sole discretion, that Student does not meet or possess the skills necessary to satisfy the requirements of its curriculum or does not meet the requirements necessary to obtain a CDL.

    c. The Educational Facility decides, in its sole discretion, that Student is in violation of any other rules or regulations imposed by the Educational Facility.

14. **Phase 1 Records.** Student acknowledges and agrees that the Educational Facility may not give to Student, or any third party, any information or confirmation of Student's grades, transcripts or successful completion of training in Phase 1 until after CRST gives written notification to the Educational Facility that Student has fully performed all of Student's obligations under the this Agreement. Student releases the Educational Facility from any obligation to give such information, or liability for complying with this Agreement.

15. **Taxation.** Student is responsible for the payment of any and all taxes, whether federal, state or local in nature, that result from any receipt by Student of benefits hereunder, including, but not limited to, income taxes, Social Security and Medicare taxes, and unemployment compensation taxes. Student shall indemnify and hold CRST harmless from any liability for the payment for such taxes, and shall pay all of CRST's costs, fees, assessments and expenses (including attorneys' fees) related to such liability.

16. **Miscellaneous Terms.** This Agreement contains the entire agreement and understanding between Student and CRST with respect to the subject matter hereof. Until the parties mutually execute the Driver Employment Contract, no representations, promises, agreements, or understandings, written or oral, that are not contained in this Agreement shall be of any force or effect. No change, amendment, or modification of this Agreement shall be valid or binding unless it is in writing and signed by the parties intended to be bound. If any one or more of the provisions of this Agreement is found to be unenforceable, then such unenforceability shall not affect the validity and enforceability of the other provisions. The terms and provisions of this Agreement and the rights and obligations contained herein shall be construed under and governed by the laws of the State of Iowa.

By signing this Agreement, Student acknowledges that Student has read this Agreement and understands and agrees to all of the terms and conditions and acknowledgments contained in this Agreement.

STUDENT:                                     CRST EXPEDITED, INC ("CRST")

Sign: *Juan Carlos Teya*            By: _____

Name: *Juan Carlos Monteys*     Name: _____

Date: *10-13-14*                          Title: _____

                                                   Date: _____

R: DRIVER CONTRACTS FOLDER - FINAL2005, 8-Month Pre-Employment Driver Training Agreement 10-21-05

# ASSIGNMENT OF WAGES
# AND
# PAYROLL DEDUCTION AGREEMENT

In exchange for amounts advanced to me under the Pre-Employment Driver Training Agreement and for other valuable consideration, and as security for payment of such advancement, I agree to assign to my employer, CRST, Inc., 3930 16th Avenue S.W., Cedar Rapids, Iowa, my current and future wages. (See below for breakdown of estimated deductions.)

The deductions from wages shall begin 6 weeks from my hire date ("Effective Date"), at the rate of $40 per week, and shall continue with consecutive payments to be made during each of each such periods, until all sums due as above stated are paid in full.

Wages, as the term is used, includes wages, salary, commissions, bonuses and all other sums payable in cash, owed, or to be owing by said employer to said wage earner, as compensation for such employment.

Housing costs are based on the student finishing school in the normal allotted time. If the student is held over for additional training at school, additional housing costs at $160 per week may be advanced by CRST on the student's behalf.

If I am employed by CRST, Inc. after the Effective Date, this assignment is my authorization to CRST, Inc. to deduct from my paychecks the amounts specified in, and according to the terms of this agreement.

Dated this _10-13-4_ day of _____, 20__.

_Coast 2 Coast_  
School

_Juan Carlos Montoya_  
Wage Earner (Print Name)

_Juan C Montoya_  
Wage Earner (Signature)

Breakdown of deductions:

Physical      $ _0_
Drug Screen   $ _50.00_
Housing       $ _320.00_ **Additional $160 per week if over 2 weeks
Transportation $ _0_
Processing fee $ _50.00_
Total         $ _420.00_