**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

|  |  |  |
|---|---|---|
| JUAN CARLOS MONTOYA, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:16-cv-10095-PBS |
| CRST EXPEDITED, INC., | ) ) | |
| Defendant. | ) ) | |

_____ )

**PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**AND MEMORANDUM IN SUPPORT THEREOF**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs respectfully request leave from this Court to file a First Amended Complaint, attached as Exhibit 1. The proposed First Amended Complaint makes the following changes:  (1) it adds as a defendant CRST International, Inc.; (2) it adds allegations about the relationship between CRST Expedited, Inc. and CRST International, Inc. and CRST International, Inc.'s involvement in the violations alleged in the complaint; (3) it expands on some of the allegations relating to the wage claims; and (4) it expands on some of the allegations relating to the Iowa consumer fraud and usury claims.  The proposed First Amended Complaint does not add any additional counts or fundamentally alter the scope of the case.  This amendment is timely and will not prejudice Defendant CRST Expedited, Inc. or proposed defendant CRST International, Inc., as discussed in more detail below.

Accordingly, for the reasons set forth below, Plaintiffs respectfully request the Court's leave to file the attached First Amended Complaint.

## ARGUMENT

Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave [for amendment of the complaint] when justice so requires." "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). As this Court observed in *Quaak v. Dexia, S.A.*, citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1471 (2d ed. 1990), "the flexibility of Rule 15 serves the overall purposes of the flexible pleading requirements of the federal rules: encouraging decisions on the merits rather than procedural technicalities, and moving away from fact-pleading toward notice-pleading." 445 F. Supp. 2d 130, 136 (D. Mass. 2006).

The amendment that Plaintiffs seek here meets this lenient standard. The amendment is timely. Plaintiffs are seeking to amend the complaint based on information discovered in the course of the preliminary discovery conducted by the parties over the last few months. It is routine to allow amendments on this basis. *See, e.g.*, *Quaak*, 445 F. Supp. 2d at 137-38 (recognizing the common practice of adding allegations relating to a claim "[a]s Plaintiffs learned new information concerning that scheme through discovery"); *In re Pharmaceutical Industry Average Wholesale Price Litig.*,

538 F. Supp. 2d 392, 396 (D. Mass. 2008) (granting motion to amend filed shortly before close of discovery, noting "[t]he government had good cause to delay intervention [and amending of the complaint] until it had a reasonable basis for the claim.").

There is no current deadline for amending pleadings in this case, which makes sense, as the parties have only recently conducted discovery on the threshold issue of class certifiability of Plaintiffs' wage claims.  No additional deadlines as to further discovery, motions to amend the pleadings, dispositive motions, etc. have been set. Motions to amend filed before any deadline imposed by the Court for amending pleadings are routinely granted under the "liberal default rule" in Rule 15(a).  *Steir v. Girls Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004).

The amendment does not prejudice Defendant CRST Expedited, Inc. or proposed defendant CRST International, Inc.  First, all of the new allegations in the proposed First Amended Complaint come from information that Defendants produced (either as documentary evidence or in deposition testimony).  As such, they certainly have knowledge about all of this information.  Second, both defendants will have ample opportunity to explore any of the new allegations in discovery; as discussed above, no deadline has even been set as to discovery to be conducted after this Court's class certification ruling.  In fact, the proposed First Amended Complaint puts defendants in a better position than they would otherwise be in because it provides more information about Plaintiffs' claims.  Third, all of the allegations in the proposed First Amended Complaint relate to the same core conduct as the initial Complaint.  Indeed, no new counts have been added.  *See Quaak*, 445 F. Supp. 2d at 137 ("Although the specific

allegations for the new claims were not in prior pleadings, Defendant was on notice that it was under attack for the full range of its conduct with respect to [the challenged scheme].").  Fourth, as to the newly added Defendant, CRST International, Inc. is related to the current defendant, CRST Expedited, Inc.  Many of the Rule 30(b)(6) deponents already produced work for CRST International, Inc.  Plaintiffs expect that current defense counsel will represent CRST International, Inc.  As such, there is no prejudice to CRST International, Inc. from being added at this stage.

Finally, the proposed amendment is not futile.  Plaintiffs allege in the First Amended Complaint that CRST Expedited, Inc. and CRST International, Inc. are interrelated and that CRST International, Inc. is involved in wage payment and debt collection decisions for CRST Expedited, Inc. employees.  1st Am. Compl. ¶¶ 17-21.  The First Amended Complaint further alleges that it is CRST International, Inc. that undertakes the collections process as to debt incurred by CRST Expedited, Inc. employees.  1st Am. Compl. ¶¶ 21-22.  As such, Plaintiffs have sufficiently alleged claims against this defendant under the federal and Iowa wage laws and under the Iowa consumer fraud and usury laws.

## CONCLUSION

Accordingly, for the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion and allow them to file the First Amended Complaint attached as Exhibit 1.

Respectfully submitted,

JUAN CARLOS MONTOYA, on behalf of
himself and all others similarly situated,

By their attorneys,


/s/ Hillary Schwab
Hillary Schwab, BBO #666029
Rachel Smit, BBO #688294
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3260
www.fairworklaw.com
Email: hillary@fairworklaw.com,
rachel@fairworklaw.com

Andrew S. Schmidt, Esq., admitted *pro hac vice*
Peter Mancuso, Esq., admitted *pro hac vice*
Andrew Schmidt Law, PLLC
97 India Street
Portland, ME 04101
207-650-0320
andy@maineworkerjustice.com;
peter@maineworkerjustice.com


Dated: August 29, 2017

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that, pursuant to Local Rule 7.1, I conferred with defense counsel on the subject matter of this motion via email exchanges on August 28 and 29, 2017, and Defendant CRST Expedited, Inc. and proposed defendant CRST International, Inc. do not assent to the relief requested herein.

/s/ Hillary Schwab
Hillary Schwab, Esq.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true copy of this document to be served via electronic filing on all counsel of record on August 29, 2017.  Additionally, I caused a true copy of this document to be served on proposed defendant CRST International, Inc. via electronic filing on counsel of record for CRST Expedited, Inc. (who agreed to accept service of this motion for proposed defendant CRST International, Inc.) on August 29, 2017.

/s/ Hillary Schwab
Hillary Schwab, Esq.
