**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                    )
JUAN CARLOS MONTOYA,                )
on behalf of himself and            )
all others similarly situated,      )
                                    )
                Plaintiff,          )
                                    )
v.                                  )   Civil Action
                                    )   No. 16-10095-PBS
CRST EXPEDITED, INC. and            )
CRST INTERNATIONAL, INC.,           )
                                    )
                Defendants.         )
_____)

**MEMORANDUM AND ORDER**

June 2, 2020

Saris, D.J.

**INTRODUCTION**

In this long-running case, Montoya has moved for a preliminary injunction relating to Defendants' debt collection practices and their enforcement of non-competition provisions in class members' contracts.

The Court assumes familiarity with its September 6, 2019 summary judgment decision, Montoya v. CRST Expedited, Inc., 404 F. Supp. 3d 364 (D. Mass. 2019), and does not repeat the factual or procedural history here except as necessary. After hearing, the Court **ALLOWS IN PART**, **DENIES IN PART**, and **RESERVES IN PART** the motion for preliminary injunction [Dkt. 225].

1

**LEGAL STANDARD**

"To secure a preliminary injunction, a plaintiff must show: '(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest.'" NuVasive, Inc. v. Day, 954 F.3d 439, 443 (1st Cir. 2020) (quoting Nieves-Márquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003)). The first factor, likelihood of success, "weighs most heavily in the preliminary injunction analysis." CVS Pharmacy, Inc. v. Lavin, 951 F.3d 50, 55 (1st Cir. 2020).

**ANALYSIS**

Montoya seeks four preliminary injunctions in this motion, namely to preclude CRST from: (1) attempting to recover a "training fee" from drivers in excess of the amount that CRST actually paid for trucking driving school tuition; (2) seeking to enforce the non-competition provisions in drivers' contracts after the drivers have paid back to CRST at least the amount that CRST actually paid for tuition; (3) seeking to enforce the non-competition provisions in drivers' contracts past the ten-month term of the contracts; and (4) charging or threatening to charge 18% interest as part of CRST's debt collection practices. Dkt. 225 at 1-2.

As to the first two injunctions, Montoya has shown a likelihood of success on the merits based on this Court's summary judgment opinion. There, this Court concluded that "[l]eaving drivers with the impression that [CRST] loaned them $6,500 for the cost of driver training school, when in fact the cost was thousands of dollars lower, is a deceptive practice in violation of Iowa's consumer frauds act." Montoya v. CRST Expedited, Inc., 404 F. Supp. 3d 364, 399 (D. Mass. 2019). Montoya is likely to succeed in proving that the cost of tuition paid by CRST for Phase 1 training was, at a maximum, $2,500 per student, and that CRST is not permitted to recover a "training fee" from drivers that exceeds the actual cost of tuition. See id. at 398 n.16.

The remaining preliminary injunction factors also favor Montoya. Montoya has shown that class members will suffer irreparable harm absent an injunction pending trial. Affidavits by former drivers discuss how their tuition debt has negatively affected their credit scores and ability to secure loans and how CRST's enforcement of the non-competition clause pending repayment of the debt has prevented them from obtaining employment. These harms to class members are immediate and ongoing and carry particular weight during the present period of national economic strain.

These harms to class members outweigh the harms that would be suffered by CRST. While the requested injunction would limit CRST's ability to recover certain debts pending trial, CRST may still recover actual tuition costs. And if CRST ultimately prevails at trial, they may resume debt collection in full. As a large international corporation, CRST is unlikely to suffer significant lasting harm from this narrowly tailored limitation on their debt collection efforts.

Finally, it is in the public interest to enforce consumer protection laws and prevent unlawful debt collection practices. Given Montoya's strong likelihood of success on the merits, an injunction is likely to further those interests. Furthermore, to the extent CRST's debt collection practices hinder class members' efforts to obtain alternate employment within the industry, the public has a strong interest in facilitating the full employment of trained truck drivers during the present public health crisis. Thus, all four factors weigh in favor of Montoya's first two requested injunctions regarding drivers' "training fee" debt.

As to the third proposed injunction, the Court was not presented with argument or evidence at the summary judgment stage regarding CRST's alleged practice of enforcing the non-competition provision past class members' 10-month contract term. The Court will not entertain this new claim at such a late

stage of litigation. The motion for preliminary injunction is **DENIED** as to the practice of enforcing non-competition provisions past class members' contract terms, without prejudice to being brought in separate litigation.

As to the fourth proposed injunction, the Court held at summary judgment that Montoya "appear[ed] to have met each element of his usury claim" where it was uncontested that "CRST charged Montoya a usurious interest rate of 18%" in a debt collection letter it sent to him. Montoya, 404 F. Supp. 3d at 403. Nonetheless, the requested relief may be moot. Defendants represented at hearing that they no longer include the 18% interest rate in debt collection letters. The Court reserves ruling on the fourth injunction pending submission of an affidavit to that effect. Defendants shall submit an affidavit on or before Friday, June 5, 2020 on whether drivers' contracts or debt collection letters sent to drivers currently reference an 18% interest rate.

## ORDER

The Court **ALLOWS IN PART**, **DENIES IN PART**, and **RESERVES IN PART** the motion for preliminary injunction [Dkt. 225]. The Courts reserves ruling on the injunction related to Montoya's usury claim pending further submission by Defendants. The Court denies without prejudice Montoya's request for an injunction that would preclude CRST from enforcing non-compete provisions

5

past drivers' 10-month contract term. The two remaining injunctions are granted under the following terms:

## **PRELIMINARY INJUNCTION**

Pending trial in this matter, CRST is enjoined from seeking to recover from class members as a "training fee" any amount in excess of the amount that CRST actually paid for trucking driving school tuition and in no case in excess of $2,500. CRST is enjoined from enforcing the non-competition provision in drivers' contracts based on a driver's failure to repay any portion of the "training fee" in excess of the amount that CRST actually paid for tuition.

SO ORDERED.

      /s/ Patti B. Saris
PATTI B. SARIS
U.S. District Judge