# **EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUAN CARLOS MONTOYA, on his own behalf and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 1:16-cv-10095-PBS |
| v. | ) |
| CRST EXPEDITED, INC. and CRST INTERNATIONAL, INC., | )<br>) |
| Defendants. | ) |

**PRELIMINARY SETTLEMENT APPROVAL ORDER**

Plaintiffs have filed an assented-to motion for preliminary settlement approval pursuant to Federal Rule of Civil Procedure 23 and the federal Fair Labor Standards Act. In that motion, Plaintiffs request an order preliminarily approving settlement of the above-captioned action in accordance with the parties' settlement agreement, which sets forth the terms and conditions for a proposed settlement of this matter and its dismissal with prejudice.

Having reviewed the assented-to motion, the settlement agreement, and conducting a preliminary approval hearing on December 17, 2020, it is hereby ORDERED that:

1.  For purposes of this settlement only, the following Settlement Classes/Collectives are preliminarily certified:

a. All individuals who have opted in or will opt in to this settlement as to the federal wage claims and who have participated as contract drivers in any phase of CRST's Driver Training Program since December 22, 2013;

b. All individuals who will not request exclusion from the settlement and who attended Phase 2 orientation as contract drivers in Iowa at any time between January 21, 2014, and December 31, 2020.

c. All individuals who will not request exclusion from the settlement and who attended Phase 2 orientation as contract drivers in Florida at any time between May 28, 2015, and December 31, 2020;

d. All individuals who will not request exclusion from the settlement and who participated as contract drivers in any phase of CRST's Driver Training Program at any time after January 21, 2014, and have paid back to CRST training fees in excess of the amounts that CRST has paid in tuition to the Phase 1 CDL schools, through final paycheck deductions or through post-employment debt collection;

e. All individuals who participated as contract drivers in any phase of CRST's Driver Training Program at any time after January 21, 2014, and have been subject to debt collection by CRST at any time since January 21, 2014; and

f. All individuals who have received collection letters from CRST indicating 18% per annum interest since January 21, 2006.

2

2. For purposes of this settlement only, the Settlement Classes/Collectives preliminarily certified pursuant to Federal Rule of Civil Procedure 23(b)(2), 23(b)(3), and 29 U.S.C. § 216(b), and all Settlement Class Members in the classes set forth in paragraph 1.a though d, *supra*, shall have the right to file claim forms to participate in the settlement, to object to the settlement, and to exclude themselves from the settlement through the procedures set forth in the Parties' Settlement Agreement. All Settlement Class Members in the classes set forth in paragraph 1.e, *supra*, shall have the right to object to the settlement through the procedures in the Parties' Settlement Agreement.

3. This Court preliminarily finds, solely for purposes of the settlement, that the Action may be maintained as a class and collective action on behalf of the Settlement Classes/Collectives because: (a) the Settlement Classes/Collectives are so numerous that joinder of all Settlement Class/Collective Members in the Action is impracticable; (b) there are questions of law and fact common to Settlement Class/Collective Members that predominate over any individual questions; (c) the Named Plaintiffs' claims are typical of the claims of the Settlement Classes/Collectives; (d) the Named Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Classes/Collectives; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. This Court finds that the Settlement Agreement is fair, reasonable, and adequate, and within the range of possible approval, subject to further consideration at the Final Fairness Hearing as set forth below in Paragraph 9, *infra*.

5.  This Court finds that the Notice of Proposed Class Action Settlement, attached to the Settlement Agreement as Exhibits A through E, satisfies the requirements of due process and the Federal Rules of Civil Procedure, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto. The Court approves the form and content of the Notices and Claim Form, attached to the Settlement Agreement as Exhibits A through E, and also approves the form of the advertisement about the settlement, attached to the Settlement Agreement as Exhibit F.

6.  The Court approves the distribution formula and claim procedure set forth in the Settlement Agreement and in Plaintiffs' motion for preliminary settlement approval.

7.  The Court acknowledges that the proposed settlement resolves the claims in this action and in the following two other actions: *Maurice Smith et al. v. CRST International, Inc. et al.*, D. Mass. Civil Action No. 1:20-cv-11353-PBS and *Larry Wimbish and Rinel Tertilus, et al. v. CRST International, Inc. et al.*, Civil Action No. 16-2020-CA-003424 (Fla. 4th Cir., Duval Cty.). If the settlement is finally approved, the Court shall permit the filing of the proposed Second Amended Complaint (Exhibit J to the Settlement Agreement), which incorporates the claims of all three actions, and shall dismiss the case with prejudice as part of final settlement approval. If the settlement is not finally approved, the three cases shall proceed separately.

8.  The Court further acknowledges that the proposed settlement does not resolve the claims in *Montoya* and *Smith* relating to compensability of sleeper berth time

4

and that the parties have agreed to a stipulated separate and final judgment on that claim upon final approval of this settlement (in the form attached to the Settlement Agreement as Exhibit K).  This Court finds preliminarily that the portions of the Settlement Agreement relating to the sleeper berth claim are fair, reasonable, and adequate, and within the range of possible approval, subject to further consideration at the Final Fairness Hearing as set forth below in Paragraph 9, infra, and as otherwise provided in the parties' Settlement Agreement.  If the settlement is finally approved, then the stipulated separate and final judgment shall enter on the sleeper berth claim on behalf of all individuals who have opted in or will opt in to this settlement as to the federal wage claims and who have participated as contract drivers in any phase of CRST's Driver Training Program since December 22, 2013.  If the settlement is not finally approved, the case shall proceed on all claims, including the sleeper berth claim.

9. The Final Fairness Hearing shall take place before the Honorable Patti B. Saris on Tuesday, March 30, 2021, at 2:30 p.m. at the United States District Court, District of Massachusetts, Courtroom 19 (7th Floor), 1 Courthouse Way, Boston, Massachusetts 02210, to determine:  whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate as to the Settlement Class Members and should be approved; whether the Action should be dismissed with prejudice on the terms provided for in the Agreement; the amount of fees and costs that should be awarded to Class Counsel; and the amount of the incentive awards that should be awarded to named plaintiffs and other individuals, as provided for in the Agreement.  The Court will also hear and consider

5

any properly lodged objections at that time. If the Final Fairness Hearing is conducted via videoconference, then information about how to participate in the videoconference hearing shall be available by contacting the Court.

ENTERED this \_\_\_\_ day of _____, 2020.

_____
The Honorable Patti B. Saris