IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUAN CARLOS MONTOYA, ) <br> on his own behalf and on behalf of ) <br> all others similarly situated, ) <br> ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> CRST EXPEDITED, INC. and CRST ) <br> INTERNATIONAL, INC., ) <br> ) <br> Defendants. ) <br> _____) | Case No. 1:16-cv-10095-PBS |

**OBJECTION TO CLASS ACTION SETTLEMENT AND OPPOSITION TO MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Counsel for the proposed Class in *Markson v. CRST, et al.*, Case No. 5:17-cv-01261-SB-SPx, which is pending in the Central District of California, respectfully request the Court to deny the motion for preliminary approval because the release in the Settlement Agreement is overbroad.[1]  *Markson* Counsel file this objection on behalf of the absent class members in the *Montoya* litigation who are also members of the putative class in *Markson*.  *See Rivera v. Western Express*, 2020 WL 5167715,

---

[1] All capitalized terms have the same meaning as defined terms in the Settlement Agreement.  Doc. No. 310-1.

1

at *3 (C.D. Cal. May 1, 2020) (holding that objectors on behalf of *Markson* class had standing to object on behalf of absent class members); *San Francisco NAACP v. San Francisco Unified School Dist.*, 59 F. Supp. 2d 1021, 1033 (N.D. Cal. 1999) (considering an amicus curiae's objections to class action settlement even though it was not filed on behalf of a particular class member).

The class in *Markson* includes "All current or former drivers 'under contract' as motor vehicle carrier drivers with CRST International, Inc., CRST Expedited, Inc.; C.R. England, Inc., Western Express, Inc., Schneider National, Inc., Southern Refrigerated Transport, Inc., Covenant Transport, Inc., Paschall Truck Lines, Inc., and/or Stevens Transport, Inc., at any time from May 15, 2013 to the present ("the Class"). Excluded from the Class are officers, directors, senior executives and personnel in the human resources and recruiting departments of the defendants." Case No. 5:17-cv-01261-FMO-SPx, Doc. No. 228.  The *Markson* case is based on allegations that, *inter alia*, CRST and other carriers violated the antitrust laws by participating in a conspiracy to restrain competition among themselves in order to suppress compensation of their own workers, in violation of federal and California antitrust laws.  There are also two subclasses, including (1) all persons who signed a Pre-Employment Driver Training Agreement or Driver Employment Contract with Defendant CRST Expedited, Inc. and who participated in CRST Expedited, Inc.'s Driver Training Program in California and were charged for their DOT physical and

drug screening tests between May 12, 2013 to present (the "CRST DOT Physical and Drug Screening Test Subclass") and (2) all persons who signed a Driver Employment Contract with Defendant CRST Expedited, Inc. and who participated in CRST Expedited, Inc.'s Driver Training Program in California but failed to complete the contractually-required 10-month employment term with CRST Expedited, Inc. and were charged $6,500 (the "CRST Driver Subclass"). Because both this case and the *Markson* case involve drivers employed by CRST between December 22, 2013 and December 31, 2020, there is a significant overlap in class membership.

Given the overlap in the class definitions in this case and *Markson*, the release in the proposed Settlement Agreement is untenable. The release is expansive, including:

> any and all past, present, or future, ***known or unknown***, foreseen or unforeseen, direct or indirect, fixed or contingent, matured or unmatured, liquidated or unliquidated, claims, proofs of claim, causes of action, cross-claims, third party claims, liabilities, rights, demands, penalties, assessments, damages, requests, suits, lawsuits, costs (including attorneys' fees and expenses), interest of any kind, actions, administrative proceedings, or orders, ***of whatever nature, character, type, or description***, whenever and however occurring, whether at law

3

or in equity, and whether sounding in tort or contract, or any statutory, regulatory or common law claim or remedy of any type in any manner that was brought or could have been brought on behalf of the classes and/or collectives of which those individuals are a part in the Montoya, Smith, and/or Wimbish litigation relating to their participation as contract drivers, driver training, education, orientation, employment, or driving with or for Defendants as part of Defendants' Driver Training Program including, ***without limitation***, any such claim seeking any type of relief, including compensatory, consequential, liquidated, multiple, exemplary, statutory or punitive damages, rescission, or declaratory or injunctive relief, any claim based on bad faith, failure to act in good faith, violation of any duty of good faith and fair dealing, violation of any state or federal wage payment statute or regulation, any state or federal consumer protection statute or regulation, ***any type of alleged misconduct; any other act brought***, or ***could have been brought on behalf of the classes and/or collectives*** of which those individuals are a part in the *Montoya*, *Smith*, and/or *Wimbish* litigation or any similar litigation in any state or federal court in the United States during or based on facts arising in the applicable time periods.

Settlement Agreement (Doc. No. 310-1) at 13-14 (emphasis added).

4

Because the Settlement Agreement could impact the claims of the class members in *Markson*, the parties should clarify that the scope of the release does not preclude the *Markson* plaintiffs from maintaining their claims against CRST. Alternatively, the Court should deny plaintiffs' motion for preliminary approval because the release does not adequately protect the interests of the many class members who are members of both putative classes and should be permitted to recover in both actions.

## II.   LEGAL STANDARD

Courts consider several factors when determining whether a proposed settlement is "fair, reasonable and adequate" under Rule 23(e). *Geiss v. Weinstein Company Holdings,* LLC, 2020 WL 4266925, at *6 (S.D.N.Y. July 24, 2020) (denying motion for preliminary approval); *Chi v. Univ. of S. California*, No. 2:18-CV-04258-SVW(GJSx), 2019 WL 3064457, at *2 (C.D. Cal. Apr. 18, 2019) (same). At the preliminary approval stage, the moving parties must demonstrate that the Court will "likely be able to" (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal. *Id.; see also Ehrheart v. Verizon Wireless,* 609 F.3d 590, 593 (3d Cir. 2010) (stressing that "[t]he purpose of Rule 23(e) is to protect the unnamed members of the class," and that a "district court acts as a fiduciary" for absent class members).

In making such a determination, the Court should consider whether:

    (A)    the class representatives and class counsel have adequately represented the class;

    (B)    the proposal was negotiated at arm's length;

    (C)    the relief provided for the class is adequate, taking into account:

        (i)    the costs, risks, and delay of trial and appeal;

        (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

        (iii)    the terms of any proposed award of attorney's fees, including timing of payment; and

        (iv)    any agreement required to be identified under Rule 23(e)(3); and

    (D)    the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2)(A)-(D).

## III.  THE SETTLEMENT AGREEMENT DOES NOT SATISFY RULE 23

The Settlement Agreement presented to the Court does not satisfy the standard for preliminary approval because the release is overbroad. The scope of the release is as follows:

> any and all past, present, or future, ***known or unknown***, foreseen or unforeseen, direct or indirect, fixed or contingent, matured or unmatured, liquidated or unliquidated, claims, proofs of claim, causes of action, cross-claims, third party claims, liabilities, rights, demands,

penalties, assessments, damages, requests, suits, lawsuits, costs (including attorneys' fees and expenses), interest of any kind, actions, administrative proceedings, or orders, *of whatever nature, character, type, or description*, whenever and however occurring, whether at law or in equity, and whether sounding in tort or contract, or any statutory, regulatory or common law claim or remedy of any type in any manner that was brought or could have been brought on behalf of the classes and/or collectives of which those individuals are a part in the Montoya, Smith, and/or Wimbish litigation relating to their participation as contract drivers, driver training, education, orientation, employment, or driving with or for Defendants as part of Defendants' Driver Training Program including, *without limitation*, any such claim seeking any type of relief, including compensatory, consequential, liquidated, multiple, exemplary, statutory or punitive damages, rescission, or declaratory or injunctive relief, any claim based on bad faith, failure to act in good faith, violation of any duty of good faith and fair dealing, violation of any state or federal wage payment statute or regulation, any state or federal consumer protection statute or regulation, *any type of alleged misconduct; any other act brought*, or *could have been brought on behalf of the classes and/or collectives* of which those individuals are

7

> a part in the *Montoya*, *Smith*, and/or *Wimbish* litigation or any similar litigation in any state or federal court in the United States during or based on facts arising in the applicable time periods.

Settlement Agreement (Doc. No. 310-1) at 13-14 (emphasis added).

The release is not limited to any and all claims asserted in this action, which would be claims on behalf of the FLSA class and IWPCL class for unpaid wages attributable to training time, failure to pay minimum wage, and unlawful deductions; claims for violation of the Iowa Private Right of Action for Consumer Frauds Act; and claims for violation of Iowa usury laws.  Rather, it includes claims "of whatever nature, character, type, or description," "whether known or unknown," and includes "any type of alleged misconduct" or "any other act brought" or that "could have been brought on behalf of the classes and/or collectives."  *Id.*  The release is plainly not limited to the factual predicate asserted in the complaint and precludes putative class members from bringing claims for any type of misconduct, which is inconsistent with what the law requires.

"A settlement agreement may preclude a party from bringing a related claim in the future even though the claim was not presented and might not have been presentable in the class action, but *only* where the released claim[s] [are] based on the identical factual predicate as that underlying the claims in the settled class action." *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (internal quotation

8

marks omitted) (emphasis added); *Schwartz v. Dallas Cowboys Football Club, Ltd.*, 157 F. Supp. 2d 561, 575–76, (E.D. Pa. 2001) (finding release too broad because "while the release properly bars future claims regarding the bundling of NFL games on satellite television, which forms the basis of this litigation, it also bars future claims for conduct such as the future bundling of games on cable television and the Internet," which did not form the basis of the litigation) (internal citation omitted); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 106 (2d Cir. 2005) (acknowledging that class plaintiffs' authority to release claims is "limited by the 'identical factual predicate' and 'adequacy of representation' doctrines"); *see also Chavez v. PVH Corp.*, No. 13-CV-01797-LHK, 2015 WL 581382, at *5 (N.D. Cal. Feb. 11, 2015) ("District courts in this Circuit have declined to approve settlement agreements where such agreements would release claims based on different facts than those alleged in the litigation at issue."). *Cf. Bacchi v. Massachusetts Mutual Life Insurance Company*, 2017 WL 5177610, at *3 (D. Mass. Nov. 8, 2017 (expressly noting that it found the scope of a release was acceptable because there was a specific exclusion for the claims in the *Chavez* action pending in California). Here, unlike in *Bacchi*, the release does not carve out the claims asserted in *Markson.*

Indeed, in *Rivera v. Western Express*, the court denied preliminary approval where plaintiffs sought an expansive release that overlapped with the relief sought

9

by class members in *Markson*, noting that "[t]he release can only cover those claims that were pled or could have been pled based on the facts alleged in the pleadings." 2020 WL 5167715, at *8 (C.D. Cal. May 1, 2020) (denying motion for preliminary approval). Similarly, in *Hadley v. Kellogg Sales Company*, Case No. 16-cv-04955-LHK, 2020 WL 836673, at *2 (N.D. Cal. Feb. 20, 2020), the court denied preliminary approval where the class members released "any and all claims, demands, rights, suits, liabilities, injunctive and/or declaratory relief, and causes of action *of every nature and description whatsoever*, including costs, expenses, penalties, and attorneys' fees, whether known or unknown, matured or unmatured, at law or in equity, existing under federal or state law, that any Class member has or may have against the Released Kellogg Persons arising out of or *related in any way* to the transactions, occurrences, events, behaviors, conduct, practices, and policies alleged in the Actions regarding the Class Products, which have been, or which could have been asserted in the Actions, and in connection with the conduct of the Actions, that have been brought, could have been brought, or are currently pending in any forum in the United States." (emphasis in original).

    Here, like in *Rivera* and *Hadley*, the release encompasses claims "of whatever nature, character, type, or description," "whether known or unknown," and includes "any type of alleged misconduct" or "any other act brought" or that "could have been brought on behalf of the classes and/or collectives." Doc. No. 310-1. *See also*

*Willner v. Manpower, Inc.*, Case No. 11-cv-02846-JST, 2014 WL 4370694, at *2 (N.D. Cal. Sept. 3, 2014) (denying preliminary approval when the release included claims "of every nature and description, *whether known or unknown*" that were "*related in any way to any claim alleged in the Lawsuit*" and thus likely released claims beyond the scope of the allegations in the operative complaint) (emphasis in original).

Unless the parties clarify that the release does not impact the rights of the proposed Class in *Markson*, the Court should deny preliminary approval.

Dated: December 16, 2020            Respectfully submitted,

CURTIS MARKSON, MARK MCGEORGE, CLOIS MCCLENDON, and ERIC CLARK, individually and on behalf of all others similarly situated,

By their attorneys,

*/s/ William F. McGonigle*
Lisa G. Arrowood (BBO #022330)
larrowood@arrowoodllp.com
William F. McGonigle (BBO #569490)
wmcgonigle@arrowoodllp.com
ARROWOOD LLP
10 Post Office Square
7th Floor South
Boston, MA  02109
Tel: 617-849-6200

MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Phone: (310) 789-3100 / Fax: (310) 789-3150

Attorneys for Objectors Curtis Markson, Mark McGeorge, Clois McClendon, and Eric Clark

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

_/s/ William F. McGonigle_____