IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JUAN CARLOS MONTOYA, on his own behalf and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:16-cv-10095-PBS |
| v. | ) ) | |
| CRST EXPEDITED, INC. and CRST INTERNATIONAL, INC., | ) ) | |
| Defendants. | ) ) ) | |

## FINAL SETTLEMENT APPROVAL ORDER AND JUDGMENT

Plaintiffs have filed a motion for final settlement approval pursuant to Federal Rule of Civil Procedure 23 and the federal Fair Labor Standards Act. In that motion, Plaintiffs request an order finally approving settlement of the above-captioned action in accordance with the parties' settlement agreement, which sets forth the terms and conditions for a proposed settlement of this matter and its dismissal with prejudice.

Having reviewed the motion, the settlement agreement, and having conducted preliminary settlement approval hearings on December 17, 2020, and January 14, 2021, and a final settlement approval hearing on May 26, 2021, it is hereby ORDERED that:

1. At the final approval hearing on May 26, 2021, this Court granted Plaintiffs leave to file *nunc pro tunc*, effective May 19, 2021, the Second Amended Complaint attached to the Settlement Agreement as Exhibit J. Plaintiffs have filed the Second Amended Complaint at ECF Dkt. No. 348. This Order applies to the claims in the Second Amended Complaint. Upon entry of this Order and payment of the

1

settlement funds as provided in the Settlement Agreement, the parties are to seek dismissal with prejudice of *Maurice Smith et al. v. CRST International, Inc. et al.*, D. Mass. Civil Action No. 1:20-cv-11353-PBS and *Larry Wimbish and Rinel Tertilus, et al. v. CRST International, Inc. et al.*, Civil Action No. 16-2020-CA-003424 (Fla. 4th Cir., Duval Cty.).

2.      The settlement is fair, reasonable, and adequate and the Court grants Plaintiffs' motion for final settlement approval.

3.      The following Settlement Classes/Collectives are certified pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3), and 29 U.S.C. § 216(b):

   a. All individuals who have opted in to this settlement as to the federal wage claims and who have participated as contract drivers in any phase of CRST's Driver Training Program since December 22, 2013;

   b. All individuals who have not requested exclusion from the settlement and who attended Phase 2 orientation as contract drivers in Iowa at any time between January 21, 2014, and December 31, 2020;

   c. All individuals who have not requested exclusion from the settlement and who attended Phase 2 orientation as contract drivers in Florida at any time between May 28, 2015, and December 31, 2020;

   d. All individuals who have not requested exclusion from the settlement and who participated as contract drivers in any phase of CRST's Driver Training Program at any time after January 21, 2014, and have paid back to CRST training fees in excess of the amounts that CRST has paid in

tuition to the Phase 1 CDL schools, through final paycheck deductions or through post-employment debt collection;

e. All individuals who participated as contract drivers in any phase of CRST's Driver Training Program at any time after January 21, 2014, and have been subject to debt collection by CRST at any time since January 21, 2014; and

f. All individuals who have received collection letters from CRST indicating 18% per annum interest since January 21, 2006.

4.      This Court finds that the notice provided to Settlement Class Members was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and any other applicable laws.

5.      The Court grants Class Counsel's petition for attorneys' fees and costs and approves the amounts for fees and costs set forth in Plaintiffs' motion for final settlement approval.  The Court further approves the proposed service payments set forth in Plaintiffs' motion for final settlement approval.  These amounts shall be paid out of the settlement fund, as set forth in the parties' Settlement Agreement.

6.      The Court approves the proposed distribution of settlement funds as set forth in Plaintiffs' motion for final settlement approval.

7.      The Court overrules the objections filed at ECF Docket Nos. 343-1, 345, and 346.

8.      The Court orders that the payments be made in this matter pursuant to the timetable established in the parties' Settlement Agreement.

9.      If the residual funds after distribution of all settlement payments and the expiration of the deadline to deposit checks exceed $10,000, the parties are to file a proposal with the Court about the distribution of those residual funds.  This proposal shall be filed no later than thirty days after the last deadline to deposit checks has expired.

10.      Judgment is to be entered pursuant to Federal Rule of Civil Procedure 54(b) and 29 U.S.C. § 216(b) *et seq.*, on all claims in this case, and the Court dismisses with prejudice all claims released as part of this settlement and re-enters its separate and final judgment on the sleeper berth claim originally entered on January 16, 2021, as ECF Dkt. No. 331-1.  The Court re-enters the separate and final judgment on the sleeper berth claim to avoid any doubt that that judgment is final and appealable as agreed by the parties and intended by the Court..

11.      The parties' Settlement Agreement is binding on Defendants, the Class Representatives, all collective members who have opted in, and all participating class members who have not excluded themselves from the settlement, as to the classes of which each of those individuals is a member.

12.      The claims of putative class members who have properly and timely excluded themselves in full accordance with the procedures set forth in the parties' Settlement Agreement are dismissed without prejudice.

13.      Without affecting the finality of this Final Settlement Approval Order and Judgment in any way, this Court retains continuing jurisdiction to implement the Settlement Agreement and to construe, enforce, and administer the Settlement

Agreement and this settlement.  Class Counsel will continue in their role to oversee all aspects of the Settlement Agreement and settlement.

ENTERED this 21 day of ____May____ , 2021.

_____

The Honorable Patti B. Saris
U.S. District Judge

5