IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JUAN CARLOS MONTOYA, on his own behalf and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:16-cv-10095-PBS |
| v. | ) ) | |
| CRST EXPEDITED, INC. and CRST INTERNATIONAL, INC., | ) ) ) | |
| Defendants. | ) ) | |

## FINAL SLEEPER BERTH SETTLEMENT APPROVAL ORDER

Plaintiffs have filed an assented-to motion for final approval of the Sleeper Berth Settlement pursuant to the federal Fair Labor Standards Act ("Approval Motion"). In that motion, Plaintiffs request an order granting final approval of the settlement of the sleeper berth claims in this action in accordance with the Court's preliminary sleeper berth settlement approval order, Dkt. No. 384, the Stipulated Separate and Final Judgment on the sleeper berth claim, Dkt. No. 331-1, and the parties' settlement agreement, Dkt. No. 323-1.

Having reviewed the Final Approval Motion and attached papers, the Stipulated Separate and Final Judgment, the settlement agreement, and, and having conducted a final settlement approval hearing on October 18, 2024, it is hereby ORDERED that:

1. Pursuant to 29 U.S.C. § 216(b), the Court finds that the members of the proposed collectives are similarly situated, and certifies the following FLSA collectives for purposes of the Sleeper Berth Settlement:

> a. <u>Sleeper Berth Only Collective</u>: All individuals who participated as contract drivers in Phase 3 (team-driving with a lead driver) or Phase 4 (team-driving with

1

a co-driver) of CRST's Driver Training Program at any time between January 1, 2021, and March 31, 2024, who have consented to join the collective by submitting a valid and timely claim form; and

b. <u>Federal Wage Claims Collective</u>: All individuals who previously filed valid and timely Consent to Join forms in this lawsuit and participated as contract drivers in Phase 3 (team-driving with a lead driver) or Phase 4 (team-driving with a co-driver) of CRST's Driver Training Program at any time between December 22, 2013, and December 31, 2020.

2. The Sleeper Berth Settlement Notices that were issued to members of the FLSA collectives in accordance with the procedures set forth in the preliminary approval order, <u>Dkt. No. 384</u>, constituted the best notice practicable and fully satisfied the requirements of the Fair Labor Standards Act and due process.

3. The Sleeper Berth Settlement in the total amount of $2.95 million is approved as a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

4. The Court approves the creation of a new Qualified Settlement Fund to be titled the "Sleeper Berth Fund."

5. Within 14 days, Defendants shall make payment of $2.95 million into the Qualified Settlement Fund.

6. The $2.95 million shall be distributed as follows:

a. $2,041,667 shall be distributed to the two settlement collectives as follows:

i. $1,541,667 shall be designated for distribution to the Federal Wage Claims Collective and shall be distributed accordingly;

    ii. $500,000 shall be designated for distribution to the Sleeper Berth Only Collective;

  b. $833,333 shall be distributed to Class Counsel as reasonable attorneys' fees; and

  c. $75,000 shall be distributed to Atticus Administration, LLC ("Atticus Administration") for the reasonable costs of settlement administration.

7. The Court approves the proposed use of the residual amount from the previous *Montoya* settlement and directs Atticus Administration to establish a second Qualified Settlement Fund to be designated the "Sleeper Berth Dispute Fund."

8. The Court orders the previous settlement administrator to transfer the residual from the previous *Montoya* settlement as follows:

  a. The amount of $90,000 shall be transferred to the Sleeper Berth Fund and added to the $500,000 designated for the Sleeper Berth Only Collective, for a total of $590,000 that shall be distributed to the Sleeper Berth Only Collective; and

  b. The remainder, in the amount of approximately $21,000, shall be deposited into the Sleeper Berth Dispute Fund, to resolve disputes with putative members of the two collectives concerning eligibility and settlement shares.

9. If the combined residual funds in the Sleeper Berth Fund and/or the Sleeper Berth Dispute Fund, after distribution of all settlement payments and the expiration of the deadline to deposit all checks, exceeds $10,000, the parties are to file a proposal with the Court about the distribution of these residual funds. This proposal shall be filed no later than June 1, 2025.

10. The final judgment in this matter, Dkt. No. 351, is hereby amended to include these terms.

11. The Court hereby dismisses with prejudice all claims released by the Settlement Agreement, Dkt. No. 323-1, and this Order.

12. This Order and the Settlement Agreement, Dkt. No. 323-1, will be binding on Defendants and all collective members who have opted in to the case, regardless of whether they have submitted claim forms in the Sleeper Berth Settlement.

13. The claims of individuals who were eligible to join the Sleeper Berth Only Collective but who did not consent to join the collective during the notice period are hereby dismissed without prejudice.

14. Without affecting the finality of this Final Sleeper Berth Settlement Approval Order and the amended Judgment in any way, this Court retains continuing jurisdiction to implement this Order and to construe, enforce, and administer the Settlement Agreement and the Sleeper Berth Settlement.

15. Class Counsel will continue in their role to oversee all aspects of the Settlement Agreement and settlement.

ENTERED this _____ day of October, 2024.

_____
The Honorable Patti B. Saris
U.S. District Judge